**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **IN RE:** <br><br> **TIMOTHY D. KELLER** <br>      **DEBTOR** | **CASE NO. 16-32556** <br> **CHAPTER 7 BANKRUPTCY** <br> **(DISCHARGED)** |
| **TIMOTHY D. KELLER** <br>                    ("MR. KELLER") <br>      **PLAINTIFF** <br><br> **vs.** <br><br> **PROSPER MARKETPLACE, INC.** <br>                    ("DEFENDANT") <br>      **DEFENDANT** | **ADV. NO.** <br> **(CONTAINED IN FILEMARK)** |

_____

**ORIGINAL COMPLAINT CONCERNING THE WILLFUL VIOLATION
OF THE DISCHARGE INJUNCTION AND RELATED RELIEF**
_____

**TO THE HONORABLE BANKRUPTCY JUDGE, JEFF BOHM:**

Mr. Keller's no-asset Chapter 7 bankruptcy is now discharged. Provisions were made for both the Defendant and its pre-petition claim in Mr. Keller's bankruptcy. Defendant received notice of Mr. Keller's bankruptcy at its preferred electronic address as to both the bankruptcy filing and discharge. Yet, in blatant disregard of the discharge injunction and the authority of this Court, Defendant retained legal counsel to collect the discharged claim. This has resulted in injury in fact to Mr. Keller.

**JURISDICTION / VENUE / CORE PROCEEDING**

1. For the reason that the bankruptcy of Mr. Keller was filed in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, venue is proper and this particular Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(a), 1334, 1408 and/or 1409.

2. Simultaneously to the filing of this complaint, Mr. Keller has filed a Motion to Reopen the main case and requests this Court, should it find it necessary, to reopen it to accord him relief.

**CONSTITUTIONAL AUTHORITY TO ISSUE A FINAL ORDER AND JUDGMENT**

3. This Bankruptcy Court has constitutional authority to enter a final order or judgment in regard to this adversary proceeding as it stems from the bankruptcy filed by Mr. Keller and heavily involves the Bankruptcy Code, Rules and the case law interpreting same. *Stern v. Marshall*, 564 U.S. 462, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011). *Also see, In re Ritchey*, 512 B.R. 847, 856-858 (Bankr. S. D. Tex. 2024).

4. Regardless of the Bankruptcy Court's authority to enter final orders or judgments in this adversary proceeding, the express and implied consent of Mr. Keller is provided for this Court to adjudicate this matter with the filing of this adversary proceeding, as well as any answer or reply thereto. *Wellness Intl Network, Ltd. v. Sharif*, 135 S.Ct. 1932, 1947, 191 L.Ed.2d 911 (2015).

**THE DEFENDANT**

5. Defendant is a San Francisco, California based company in the peer-to-peer ("P2P") lending industry.[1] While a legal definition of P2P lending is not yet in existence, intellectual property and the United States Government Accountability Office ("GAO") have generally defined it as the practice of lending/investing or borrowing money from one private individual in the role of a lender to another private individual in the role of borrower.[2]

6. Defendant markets itself as "America's first marketplace lending platform", with over $7 billion in funded loans. Defendant's platform facilitates the process of P2P lending, where borrowers request personal loans and investors fund anywhere from $2,000.00 to $35,000.00 per loan request. Defendant then manages all stages of loan servicing.[3]

7. Defendant's agent for service of process is Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701

### FACTUAL BASIS OF THE ADVERSARY PROCEEDING

8. On or about September 2015 Mr. Keller arranged to borrow money from Defendant, repayment of which was set up on terms.

9. Defendant created an account to track the repayment of the borrowed money and assigned an account number ending in 8597. ("Acct 8597").

---

[1] https://www.prosper.com/home/about

[2] https://en.wikipedia.org/wiki/Peer-to-peer_lending

[3] https://en.wikipedia.org/wiki/Prosper_Marketplace

10. On May 19, 2016 Mr. Keller filed the main case. (ECF 1[4]). The Petition identified Mr. Keller by including his name, his current address, the last four digits of his Social Security Number, the chapter of bankruptcy filed, and other information.

11. On May 19, 2016 Mr. Keller also filed his Schedules in the main case. (ECF 1). Therein:

    a. Schedule E/F - Creditors Holding Unsecured Nonpriority Claims - disclosed Defendant with an approximate claim of $8,511.00 owed on Acct 8597.

    b. Schedule J - Your Expenses - disclosed a monthly net income of $3.17. There was no sum budgeted to be paid to Defendant on Acct 8597.

12. On May 19, 2016 Mr. Keller filed his Certificate of Counseling in the main case, wherein he certified that he had received the required credit counseling post-petition on May 15, 2016, and that a debt repayment plan was not prepared for him. (ECF 2). With the filing of this Certificate he was eligible to be a debtor in the filing of his bankruptcy.

13. In regard to the Chapter 7 bankruptcy, the post-petition income or earnings of Mr. Keller is not subject to payment for any pre-petition debt or claim that was not otherwise reaffirmed.

---

[4] "(ECF ___)", when used in this complaint is intended to represent the corresponding document on the Docket Report as maintained by this Court on its ECF / PACER system in relation to the main case. Mr. Keller respectfully requests that this Court take judicial notice thereof.

14. On May 20, 2016 the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines was entered in Mr. Keller's main case. (ECF 7). This Notice advised Defendant of the date of Mr. Keller's Meeting of Creditors, the deadline to object to discharge or to challenge whether certain debts are dischargeable, and not to file a proof of claim unless it received notice to do so. Therein, the notice advised Defendant:

> "The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice."

Pursuant to the Bankruptcy Noticing Center's ("BNC") certificate of notice, Defendant was notified by electronic transmission at its preferred electronic address which was identified as "PPMP.COM" on May 20, 2016 at 20:13:00. (ECF 8). The notice that was sent to Defendant included Mr. Keller's complete Social Security Number. (ECF 8).

15. On June 21, 2016 the Meeting of Creditors was held in the main case. Mr. Keller appeared and the meeting was concluded.

16. On June 21, 2016 Mr. Keller's Certificate of Debtor Education was filed in the main case which certified that he had completed the required debtor training course. (ECF 15). With the completion of his debtor education and the filing of this Certificate, Mr. Keller was eligible to receive a discharge.

17. On June 27, 2016 the Chapter 7 Trustee assigned in the main case filed his Report of No Distribution. Therein the Trustee made the following judicial admission:

> "...I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered."

18. August 22, 2016 was the last day to object to discharge or challenge whether certain debts were dischargeable in the main case. (ECF 7). There were no objections to discharge or challenges to dischargeability waged. (See Docket Report in the main case.)

19. On August 23, 2016 the Bankruptcy Court entered its Order of Discharge. (ECF 16). Pursuant to the BNC certificate of notice, Defendant was provided notice by electronic transmission at its preferred electronic mailing address identified as "PPMP.COM" on August 23, 2016. (ECF 16). This order warned Defendant as follows:

> "**Creditors cannot collect discharged debts** -- This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees." (Emphasis exact).

20. On August 23, 2016 the Final Decree was entered that relieved the Trustee of his duties and closed the main case. (ECF 17).

21. On or about April 12, 2018 the law firm of Phillips & Cohen Associates LTD. drafted a "COLLECTIONS NOTICE" and addressed it to Mr. Keller. The COLLECTIONS NOTICE is attached and made a part of this Complaint as Exhibit P-1. Therein, the COLLECTIONS NOTICE:

   a. Identified Defendant as being the client of Phillips & Cohen Associates,

   b. Identified Defendant as Mr. Keller's "creditor".

   c. Identified Acct 8597 with a balance due of $8,833.51.

   d. Stated that Defendant had "referred your account to Phillips and Cohen Associates, LTD. in an effort to recover the outstanding amount due. We would like to help you resolve this delinquency and avoid further collection activity."

   e. Offered Mr. Keller the option to mail his $8,883.51 payment by "using the above coupon and the enclosed envelope. Please make checks payable to Phillips & Cohen Associates."

   f. As an alternative payment method, offered Mr. Keller to "[c]all 888-344-0900 to make a payment or to discuss alternative payment options."

   g. Contained the thirty-day verification notice as required by the Federal Debt Collections Practice Act.

    h.    Contained the mini-miranda warning that stated: "[t]his is an attempt, by a debt collector, to collect a debt and any information obtained will be used for that purpose."

    i.    Contained no bankruptcy disclaimers.

22.    The post-discharge income or earnings of Mr. Keller are not subject for payment on Defendant's pre-petition claim.

23.    Defendant was placed on fair notice of the damages, including the possibility of punitive damages, by the Bankruptcy Code as well as the admonishments of this Court if it violated the discharge injunction.

24.    The actions of Defendant, described above, are reprehensible as Mr. Keller is financially vulnerable and the harm is more than economic in nature.

25.    Mr. Keller's core bankruptcy rights have been violated.

26.    Defendant's actions as complained herein have thwarted Mr. Keller's fresh start.

27.    Mr. Keller does not have the resources necessary to police the conduct of Defendant nor should he be required to do so.

28.    Defendant's actions, as described above, have resulted in a substantial amount of undue frustration, anxiety and mental anguish or distress upon Mr. Keller, which is more than fleeting and inconsequential. Although not inclusive, Mr. Keller's distress has manifested itself in a variety of ways such as: shock of conscience,

impaired enjoyment of life, violation of the core bankruptcy and Constitutional rights, anxiety, headaches, significant stress, a fear of loss of time, work, property and/or money, dread, failure, a diminution of self-worth and low self-esteem, harassment, irritability, and/or distraction.

**DEFENDANT'S WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION**

29. Upon Mr. Keller's discharge, a permanent injunction was entered that prohibited Defendant from attempting to collect the debt from Mr. Keller personally by any means, including by mail. The discharge order is similar to an injunction issued by this Court. Defendant's actions violated 11 U.S.C. § 524(a)(2). There is no exception to Defendant's actions pursuant to 11 U.S.C. § 524(b).

30. Effective notice of the main case and the Discharge Order was provided to Defendant through its preferred electronic address. (11 U.S.C. § 342(f)(1)).

31. The COLLECTIONS NOTICE states that Defendant had referred Acct 8597 to Phillips & Cohen Associates, LTD., a debt collector, "in an effort to recover an outstanding amount due" of $8,833.51. This is evidence that supports Defendant's intent to collect its prepetition claim. (See Exhibit P-2).

32. Mr. Keller has suffered injury due to Defendant's collection acts. He became stressed and anxious upon receipt of the COLLECTIONS NOTICE. His financial means are limited and he was not clear as to his legal rights after receiving Defendant's COLLECTIONS NOTICE. He contacted Rebecca Moughon, who was his attorney in the main case, to request legal guidance. He spent time discovering and

researching his options. He did not understand the 30-day verification notice but it became like a ticking clock for him that he believed would ultimately lead to what could be financially disastrous for him if he did not act. He balanced his options as to how to proceed but ultimately decided he needed to retain undersigned counsel now to protect his bankruptcy rights.

## ENFORCEMENT OF THE ORDER, INJUNCTIONS AND/OR RULES

33. Due to the conduct or action of Defendant, as described above, it has become necessary for this Court to take action to enforce the injunctions, orders and Bankruptcy Code provisions and rules resulting from his bankruptcy, including, but not limited to:

    a. Finding Defendant in contempt for failing to abide by the lawful order(s), injunction(s), Bankruptcy Code provisions and rules as allowed by this Court's inherent authority and 11 U.S.C. § 105;

    b. Issuing any declaratory judgment to determine the threshold questions of law, facts, rights, claims, or debts of all parties to this adversary proceeding, the violations of Defendant, the jurisdiction of this Court and/or any actual controversy that may exist pursuant to 28 U.S.C. § 2201; and/or,

    c. Issuing any further or more specific injunctions to better define or curtail the acts or conduct of Defendant in the future pursuant to 11 U.S.C. § 105, including but not necessarily limited to enjoining

Defendant from providing false, inaccurate, or misleading information to credit reporting agencies regarding the current discharged status of Acct 8597.

## AN AWARD OF ALL ACTUAL DAMAGES

34. As a result of Defendant's conduct, Mr. Keller should be awarded actual damages for any loss he has suffered including, but not limited to, his out-of-pocket costs and expenses, the value of his personal time, his emotional injuries, and his attorneys' fees and costs. These damages are ongoing and should be inclusive of any loss suffered through trial.

## AN AWARD OF PUNITIVE DAMAGES

35. Mr. Keller is entitled to an award of punitive damages.

36. The United States Supreme Court in *BMW of North America, Inc. v. Gore*, 116 S.Ct. 1589 (1996) established the criteria that should be used for an award of punitive damages. *Also see, Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 121 S.Ct. 1678 (2001) and *State Farm v. Campbell*, 123 S.Ct. 1513 (2003). Therein:

    a. **Government Interest Identified.** The Court must identify the government's interest that a punitive award is designed to serve. *Gore* at 1595. In this and similarly situated cases the interest is simply to prevent creditors from violating the discharge injunction, to prevent irreparable harm, and to fulfill the promise of Mr. Keller's fresh start.

    b.    **Fair Notice.** The Court must determine that a creditor received fair notice not only of the conduct that will subject it to punishment, but also the severity of the penalty that may be imposed. *Gore* at 1589. In this case Defendant was admonished of this fact in notice provided to it by the Court, as well as relevant case law that should place any sophisticated creditor on notice of such possibility.

    c.    **Degree Of Reprehensibility.** The United States Supreme Court found that when a "target is financially vulnerable" punitive damages can be warranted. *Gore* at 1599. It is apparent with a debtor who files bankruptcy that his or her "financial vulnerability" is not in question.

    d.    **Type Of Damages And Harm Inflicted.** The Court must consider the damage actually inflicted by a violator, and the harm to a debtor that would have ensued if the violator's plan had succeeded. *Gore* at 1602. The Supreme Court stated specifically, "[a] higher ratio may also be justified in cases in which the injury is hard to detect or the monetary value of noneconomic harm might have been difficult to determine." *Gore* at 1602.

37.    Although Mr. Keller does not know whether or not Defendant's corporate mind included malevolent intent it is certainly suspect that Defendant's aggressive collection effort was resurrected nearly two years after the entry of discharge. Was the

Defendant testing to see whether or not it would be told by Mr. Keller not to collect or was it deliberately fishing for a credulous debtor who would succumb to a formal collection demand?

## AN AWARD OF INTEREST

38. Mr. Keller is entitled to an award of both prejudgment and post judgment interest on any amount for damages awarded.

## ADDITIONAL LEGAL AUTHORITIES IN SUPPORT OF THE RELIEF SOUGHT

39. This Court ordered the injunction which prohibited Defendant from its collection acts upon entry of the Discharge Order. Because this adversary proceeding arises as a direct result of a violation of an order issued by this Court, the Discharge Order, this Court is constitutionally permitted to issue a final order on this matter. *In re Ritchey* 512 B.R. 847, 857 (Tex. 2014).

40. It is well-established that "clients must be accountable for the acts and omissions of their attorneys." *Id* at 859. (Internal cites omitted).

41. "[C]ompensatory damages, in addition to coercive sanctions, may be awarded as a sanction for civil contempt if a party willfully violates a section 524(a)(2) injunction." *Id* at 858.

42. Punitive damages may be awarded to Mr. Keller if Defendant's discharge violation constitutes egregious, intentional misconduct. *In re Fauser*, 545 B.R. 907, 915 (Bkrtcy. S.D. Tex. 2016).

43. "When an institutional creditor responds to an obvious violation of the automatic stay or discharge injunction against a consumer debtor by employing its superior resources to make frivolous responses that tax the resources of that debtor, those responses should be viewed as nothing more than an abusive continuation of the original improper conduct being complained of. It is the most appropriate occasion for imposition of punitive damages." *In re Curtis*, 322 B.R. 470,487 (Bankr. D. Mass.2005).

WHEREFORE, PREMISES CONSIDERED, it is the prayer of Mr. Keller that the Court will:

1. Find that Defendant violated the provisions of the order of discharge granted to Mr. Keller in the main case;

2. Find that the violation of the discharge order by Defendant was or is willful and/or intentional;

3. Enforce the rules, orders, and injunctions of this Court or the Bankruptcy Code or Rules as necessary, including, but not limited to, a finding of contempt on the part of Defendant, the issuance of any declaratory judgment, and/or the issuance of any injunction including but not necessarily limited to enjoining Defendant from providing false, inaccurate, or misleading information to credit reporting agencies regarding the current discharged status of Acct 8597;

4. Sanction or award against Defendant all actual damages for all financial and non-financial harm or injury incurred by Mr. Keller;

5. Sanction or award against Defendant and to Mr. Keller, and for the benefit of Chuck Newton, all of the attorneys' fees, costs and expenses incurred with Chuck

Newton, and the law firm of Charles Newton & Associates, in representing Mr. Keller in these matters;

      6.     Sanction or award against Defendant for the benefit of Mr. Keller, all of the attorneys' fees, costs and expenses incurred by Rebecca Moughon in representing Mr. Keller in the matters particular to this adversary proceeding;

      7.     Sanction or award against Defendant and to Mr. Keller emotional distress damages;

      8.     Sanction or award against Defendant and to Mr. Keller punitive damages;

      9.     Award prejudgment and post judgment interest; and

      10.    Grant any and all other relief in equity or in law to which Mr. Keller may be entitled.

Respectfully submitted,

*/s/ Chuck Newton*

_____

**CHARLES (CHUCK) NEWTON**
chuck@chucknewton.net
Texas Bar No. 14976250
SDTX Bar No. 27900
**JANE NEWTON**
jane@chucknewton.net
Texas Bar No. 14977700
SDTX Bar No. 27901
**PATRICIA (PJ) NEWTON**
pj@chucknewton.net
Texas Bar No. 24099751
SDTX Bar No. 3137542
**CHARLES NEWTON & ASSOCIATES**
190 N. Millport Circle
The Woodlands TX 77382
Phone (281) 681-1170
Fax (281) 901-5631

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Complaint was served on the following parties, not otherwise served by summons, via electronic means, if possible, otherwise by the means stated below:

| | |
|---|---|
| Timothy D. Keller<br>*Debtor / Plaintiff*<br>4806 Casemont Dr.<br>Spring TX 77388 | MAIL (No)<br>FAX (No)<br>EMAIL (Yes) |
| Rebecca Michelle Moughon<br>Law Office of Rebecca Moughon<br>*Bankruptcy Atty. for Mr. Keller*<br>2219 Sawdust Rd, Suite 1701<br>The Woodlands TX 77380 | MAIL (No)<br>FAX (No)<br>EMAIL rmm@rmoughonlaw.com |
| United States Trustee<br>Office of the U.S. Trustee<br>515 Rusk Ave., Suite 3516<br>Houston TX 77002 | MAIL (No)<br>FAX (No)<br>EMAIL uspregion07.hu.ecf@usdoj.gov |

DATED: May 22, 2018

_____
**CHARLES (CHUCK) NEWTON**